IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID JAY HOWINGTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:03-CV-0052-P |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254. The magistrate judge filed her report and recommendation on May 10, 2005, respondent filed objections on May 25, 2005, and petitioner filed objections on August 19, 2005. The magistrate judge recommended that the petition should be denied on the merits. Respondent filed objections asserting that petitioner's claims are barred by limitations. The magistrate judge declined to rule on this issue in light of the split on the issue among the judges of this district and decided the case on the merits.

Petitioner pled *nolo contendere* in Texas state court on November 19, 1992 to aggravated sexual assault of a child charges. The court accepted the plea and placed petitioner on deferred adjudication probation for seven years. On May 30, 2000, the court proceeded to adjudicate petitioner's case, found petitioner guilty and sentenced him to twelve years in prison. Petitioner filed his first state habeas application on September 18, 2002 and filed the instant petition on January 3, 2003.

Order - Page 1

Respondent maintains that the time for filing a habeas application began to run thirty days after petitioner was placed on deferred adjudication probation and failed to file a notice of appeal.  Petitioner did not file a notice of appeal in this case until after his case was adjudicated and he received a custody sentence.  As noted by the magistrate judge, the judges in this district were divided as to Respondent's position, and the Fifth Circuit had not ruled on the issue. District courts generally were divided as to whether the time for filing a section 2254 application began to run when the original plea resulting in the deferred adjudication probation was made or after the case was adjudicated.  However, in October 2005, the Fifth Circuit Court of Appeals resolved this issue in favor of respondent.  *Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005).  In *Caldwell*, the Fifth Circuit held that an order of deferred adjudication probation becomes final for section 2254 purposes at "the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* at 529.

In the present case, all of petitioner's claims challenge the validity of the original plea that resulted in petitioner being placed on deferred adjudication probation.  Because petitioner failed to file a notice of appeal following his original plea of guilty in 1992, the judgment became final for section 2254 purposes thirty days later. Tex. R. App. Proc. 26.2 (West 1999); Tex. Code Crim. Proc. Art. 42.12 § 23(b) (West 1999).  Thus, petitioner had one year from the date of the enactment of AEDPA, or until April 24, 1997, to file his application for habeas relief. *U.S. v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999).  As of April 24, 1997, petitioner had not filed a state application for habeas or other collateral relief that could toll the running of limitations.  28 U.S.C. § 2244(d)(2).  Hence, the court concludes that petitioner's application was untimely filed and should be dismissed.  Respondent's objections to

the magistrate judge's report are granted, and petitioner's claims are dismissed with prejudice as time-barred.

Signed this 23rd day of March 2006.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE